1  **FAEGRE DRINKER BIDDLE & REATH LLP**
   Michael Jaeger (SBN 289364)
2  *michael.jaeger@faegredrinker.com*
   1800 Century Park East, Suite 1500
3  Los Angeles, California 90067
   Telephone: +1 310 203 4000
4  Facsimile:  +1 310 229 1285

5  Attorneys for Defendant
   U.S. Bank National Association
6

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11 | JONATHAN WESTBAY,                | Case No. 2:22-cv-00029 |
12 |       Plaintiff,                  |                        |
13 |    v.                             | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
14 | U.S. BANK, N.A.; DOES 1-15, INCLUSIVE, |                        |
15 |                                   | [San Luis Obispo County Superior Court, Case No. 21CV-0573] |
16 |       Defendant.                  | Complaint Filed: October 12, 2021 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT Defendant U.S. Bank N.A. ("U.S. Bank") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331, and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

### A. JURISDICTION

1. U.S. Bank specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331 because Plaintiff Jonathan Westbay ("Plaintiff") alleges a cause of action arising under the federal Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227, *et seq*.

### B. STATEMENT OF THE CASE

2. On October 12, 2021, Plaintiff filed a Complaint for Damages with a Jury Demand ("Complaint") in the Superior Court of California, County of San Luis Obispo, designated as Case No. 21CV-0573 (the "Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon U.S. Bank in the Action are attached hereto as Exhibit A.

3. Plaintiff asserts one cause of action in his Complaint against U.S. Bank, for violation of the TCPA, 47 U.S.C. § 227, *et seq*.

### C. BASIS FOR REMOVAL

4. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331 because Plaintiff alleges claims arising under the TCPA, which is a law of the United States.

5. Specifically, for example, Plaintiff's Complaint alleges that U.S. Bank used an "automatic telephone dialing system" to place non-emergency calls to Plaintiff's cellular telephone in violation of the TCPA. Compl., ¶¶ 2; 21 – 24; 27 and 30. Therefore, adjudication of Plaintiff's Complaint requires an analysis and

construction of federal law, and this Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331 because this Court would have had original jurisdiction founded on Plaintiff's claim arising under the TCPA.

### D. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

6. Removal of this action is timely. U.S. Bank was served with a copy of the Summons and Complaint in this action on December 3, 2021. Therefore, this Notice of Removal is "filed within thirty [30] days after receipt by the defendant…of a copy of [Plaintiff's Summons and Complaint]" in accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1).

7. U.S. Bank is the only named Defendant in the action and therefore no consent of additional parties is required.

8. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) because the Action was filed in this District.

9. As stated above, pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by U.S. Bank from Plaintiff in this Action are attached hereto as Exhibit A.

10. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. U.S. Bank will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of San Luis Obispo.

WHEREFORE, Defendant U.S. Bank gives notice that the Action is removed to the United States District Court for the Central District of California.

Dated: January 3, 2022

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ Michael Jaeger
    Michael Jaeger

Attorneys for Defendant
U.S. Bank National Association

# Exhibit A



# Service of Process Transmittal
12/03/2021
CT Log Number 540683182

| | |
|---|---|
| **TO:** | Laurie Swansen<br>U.S. Bancorp<br>U.S. Bancorp Center, 800 Nicollet Mall<br>Minneapolis, MN 55402- |
| **RE:** | **Process Served in Ohio** |
| **FOR:** | U.S. Bank National Association  (Domestic State: N/A) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JONATHAN WESTBAY vs. U.S. BANK, N.A. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Notice |
| **COURT/AGENCY:** | San Luis Obispo County - Superior Court, CA<br>Case # 21CV0573 |
| **NATURE OF ACTION:** | Complaint For Damages For Violations Of: The Telephone Consumer Protection Act, 47 U.S.C. 227 Et Seq. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/03/2021 at 12:46 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Michael F. Cardoza<br>The Cardoza Law Corporation<br>548 Market St. #80594<br>San Francisco, CA 94104<br>415-488-8041 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/03/2021, Expected Purge Date: 12/08/2021<br><br>Image SOP<br><br>Email Notification,  Laurie Swansen  legal.process@usbank.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Dec 3, 2021

**Server Name:** Ron Freeman

| Entity Served | U.S. BANK NATIONAL ASSOCIATION |
|---|---|
| Case Number | 21CV-0573 |
| Jurisdiction | OH |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
U.S. Bank National Association
c/o CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus OH 43219

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Jonathan Westbay

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
10/12/2021 8:00 AM
SAN LUIS OBISPO SUPERIOR COURT
BY _/s/ Reavey_
Reavey, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | San Luis Obispo Branch<br>1035 Palm Street, Rm 385<br>San Luis Obispo, CA 93408 | CASE NUMBER:<br>*(Número del Caso):* **21CV-0573** |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael F. Cardoza (194065); Lauren B. Veggian (309929) - (415) 488-8041
The Cardoza Law Corporation, 548 Market St. #80594, San Francisco, CA 94104

DATE: 10/12/2021 8:00 AM          /s/Michael Powell   Clerk, by _Jaudean Reavey_, Deputy
*(Fecha)*                                              *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (*form POS-010*).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* U.S. BANK, N.A.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Jonathan Westbay

ELECTRONICALLY FILED
10/12/2021 8:00 AM
SAN LUIS OBISPO SUPERIOR COURT
BY J. Reavey, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN LUIS OBISPO
## UNLIMITED JURISDICTION

| | |
|---|---|
| JONATHAN WESTBAY,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., AND DOES 1-15, INCLUSIVE,<br><br>    Defendant. | Case No.: 21CV-0573<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

///

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is a case about a bank who harassed a consumer with robocalls even after the consumer requested that all communication regarding the debt cease and after the bank had confirmed in writing that they would no longer be placing telephone calls.

2. **JONATHAN WESTBAY** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, attorney fees, and costs, against **U.S. BANK, N.A.** for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (hereinafter "TCPA").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the plaintiff, or to the plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court is proper because the events leading to Plaintiff's causes of action occurred in the County of San Luis Obispo and in the State of California.

9. This action arises out of Defendant's violations of 47 U.S.C. § 227 et seq., ("TCPA").

10. Because Defendant does business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to California Code of Civil Procedure (CCP) § 395(a) because the injury to Plaintiff's person and property occurred in San Luis Obispo County, pursuant to CCP § 395(b) because the Plaintiff resides in San Luis Obispo County at this commencement

of the action, and pursuant to California Civil Code § 1780 because a substantial portion of the transaction (in its making and performance) occurred in San Luis Obispo County.

**PARTIES**

12. Plaintiff is a natural person who resides in the County of San Luis Obispo, State of California, is a "Person" as that term is defined by the TCPA, 47 U.S.C. § 153(39), and is a subscriber to cellular telephone services within the United States.

13. Defendant U.S. Bank, N.A. ("Defendant U.S. Bank") is an Ohio corporation operating from an address of 425 Walnut Street, Cincinnati, OH 45202, is a "Person" as that term is defined by the TCPA, 47 U.S.C. § 153(39).

14. At all times relevant to this complaint, the Defendant used, controlled, and/or operated "automatic telephone dialing systems" (hereinafter "ATDS") as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls placed by a third-party collector on behalf of that creditor are treated as if the creditor itself placed the call.** In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.)

16. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 15, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious

names, pursuant to the California Civil Procedure Code § 474. Plaintiff is informed and believes, and thereon allege that each Named Defendant and each Defendant designated as a DOE is involved in or is in some manner responsible as an officer, director, managing agent, principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

### FACTUAL ALLEGATIONS

17. Plaintiff is an individual residing in the County of San Luis Obispo in the State of California.
18. Plaintiff sent a letter via USPS Certified Mail dated June 17, 2020, to Defendant that Plaintiff refused to pay the alleged debt to Defendant and requesting that Defendant cease all communications with Plaintiff.
19. On June 22, 2020, Plaintiff received confirmation from USPS that his letter had been delivered to Defendant.
20. In or around July 2020, Plaintiff received written communication from Defendant dated July 16, 2020, confirming receipt of Plaintiff's cease and desist request and confirming that his account would no longer receive telephone contact.
21. On information and belief, defendant used, controlled, and/or operated "automatic telephone dialing systems" (hereinafter "ATDS") as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).
22. On July 16, 2020, at 8:43 a.m. local time, Plaintiff received an unsolicited phone call from Defendant in connection with the collection of a debt.
23. On July 16, 2020, at 9:57 a.m. local time, Plaintiff received an unsolicited phone call from Defendant in connection with the collection of a debt.
24. On July 16, 2020, at 10:15 a.m. local time, Plaintiff received an unsolicited phone call and voicemail from Defendant in connection with the collection of a debt.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**NEGLIGENT VIOLATION OF 47 U.S.C. § 227 ET SEQ. OF THE TCPA**

25. A person violates the TCPA when they contact or attempt to contact a person via an Automated Telephone Dialing System (ATDS) without prior express consent from the recipient or any statutory exception.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA when they contacted and/or attempted to contact Plaintiff via an ATDS without prior express consent from Plaintiff.

**COUNT II**

**KNOWING AND/OR WILLFUL VIOLATION OF 47 U.S.C. § 227 ET SEQ. OF THE TCPA**

28. A person violates the TCPA when they knowingly or willfully contact or attempt to contact a person via an ATDS without prior express consent from the recipient or any statutory exception.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the TCPA when they knowingly and/or willfully contacted and/or attempted to contact Plaintiff via an ATDS without prior express consent from Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a) An injunctive order preventing Defendant from robocalling Plaintiff, and,

b) Award of statutory damages in the amount of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. 227(b)(3)(B) against Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1500.00 for each and every willful or knowing violation of the TCPA pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C) against Defendant and for Plaintiff, and,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

    d) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY

31. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Respectfully Submitted,

**THE CARDOZA LAW CORPORATION**

DATED: October 11, 2021

BY: _____
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF
JONATHAN WESTBAY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| The Cardoza Law Corporation<br>Michael F. Cardoza (194065); Lauren B. Veggian (309929)<br>548 Market St. #80594<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 488-8041   FAX NO.: (415) 651-9700<br>ATTORNEY FOR (Name): Jonathan Westbay, Plaintiff | **ELECTRONICALLY FILED**<br>10/12/2021 8:00 AM<br>SAN LUIS OBISPO SUPERIOR COURT<br>BY _____<br>J. Reavey, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Luis Obispo<br>STREET ADDRESS: 1050 Monterey Street<br>MAILING ADDRESS: 1035 Palm St., Rm. 385<br>CITY AND ZIP CODE: San Luis Obispo 93408<br>BRANCH NAME: San Luis Obispo Branch | |
| CASE NAME: | |

| CIVIL CASE COVER SHEET<br>☑ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 21CV-0573<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☑ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)
   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): One (47 U.S.C. § 227, et seq.)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/11/2021

Michael F. Cardoza
(TYPE OR PRINT NAME)            ▶  [signature]
                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| | | |
|---|---|---|
| **SUPERIOR COURT, COUNTY SAN LUIS OBISPO** <br> **San Luis Obispo Branch**, 1035 Palm Street, Rm 385, San Luis Obispo, CA 93408 <br> **Paso Robles** Branch 901 Park Street, Paso Robles, CA 93446 | | |
| Jonathan Westbay vs. U.S. Bank, N.A. | CASE NUMBER <br><br> 21CV-0573 | |
| | **Case Management Conference** | |

10/14/2021

# NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

This case is assigned to **Judge Tana L. Coates** for all purposes.

Plaintiff must serve the Summons and Complaint, a copy of this Notice; the Standing Case Management Order (located at https://www.slo.courts.ca.gov/os/tentativerulings.htm ) of the judge assigned for all purposes and must file proofs of service within 60 days after the Complaint is filed.

**Defendants shall file responsive pleadings with 30 days of service** unless the parties stipulate to an extension of not more than 15 days.

IT IS HEREBY ORDERED:

1. The parties must appear for a first Case Management Conference **on February 07, 2022, 9:00 AM, San Luis Obispo Department 9** THE PARTIES OR THEIR ATTORNEYS MUST APPEAR AT THE CASE MANAGEMENT CONFERENCE. For information regarding remote appearance via Zoom, please see the Court's website https://www.slo.courts.ca.gov/

2. Parties are responsible for reviewing and following the Case Management Order of the Assigned Judge. The orders are located at https://www.slo.courts.ca.gov/os/tentativerulings.htm

3. Each party must file and serve a Case Management Statement <u>at least 15 days</u> before the conference.

4. The person appearing at the first Case Management Conference must be familiar with the case and prepared to discuss suitability of the case for mediation, binding arbitration, judicial arbitration, or some form of alternative dispute resolution.

5. Trial will be set within the 11th or 12th month after the filing of the Complaint. Counsel must arrange their schedules, reserve dates with witnesses and schedule trial preparation with this in mind. Continuances will be granted only on a clear showing of good cause.

6. All law and motion matters will be calendared in the department of the assigned judge and filed with the Clerk's office.

7. <u>Each party should be prepared to show cause why sanctions should not be imposed for a failure to comply with these rules.</u> **LIMITED JURISDICTION ONLY:** unless the parties have entered into arbitration as required by Local Rules 9.00 and 26.00.

## SAN LUIS OBISPO COUNTY SUPERIOR COURT
## DEPARTMENT 9
## JUDGE TANA L. COATES
INSTRUCTIONS FOR REMOTE APPEARANCE BY VIDEOCONFERENCE USING *ZOOM* APPLICATION

- **VIDEO CONFERENCE IS REQUIRED FOR PRETRIAL DISCOVERY CONFERENCES, READINESS CONFERENCES OR EVIDENTIARY HEARINGS. AUDIO APPEARANCE WILL NOT BE ACCEPTABLE.**

### Before your hearing date:

- Visit www.zoom.us for more information on how Zoom works and how you can join hearings or meetings. Zoom works on mobile devices such as smartphones and tablets, and on computer desktops that are equipped with both a camera and microphone. You can download the Zoom application onto your device or download the Zoom program if you use a computer. (www.zoom.us/download).

- You do not need to create or pay for a Zoom account in order to participate in the hearing.

  - **Name your device with your legal name.**
    - **For Android users: Tap the following sequence: Settings> Quick settings> About device> Device name.**
    - **For iPhone users: go to Settings> General, then tap About; Tap Name and rename your device.**

- Test the Zoom audio and video functions on your device **before** your hearing. Visit www.zoom.us/test for more information on how to test your device.

### On your hearing date:

- Log onto Zoom through your internet browser or through the app on your mobile device. To join the hearing, from the Zoom program or app, click on "Join A Meeting" and enter the Hearing ID and password shown here.

Join ZoomGov Meeting
https://www.zoomgov.com/j/1612415408?pwd=NkNyeitaR2hWN1FLdDZVS0l6TVFXdz09

## Meeting ID: 161 241 5408
## Passcode: 79513

One tap mobile
+16692545252,,1612415408# US (San Jose)
+16692161590,,1612415408# US (San Jose)

Dial by your location
+1 669 254 5252 US (San Jose)
+1 669 216 1590 US (San Jose)
Updated 7/22/2021

+1 551 285 1373 US
+1 646 828 7666 US (New York)
833 568 8864 US Toll-free

**Meeting ID: 161 241 5408**

Find your local number: https://www.zoomgov.com/u/abYAZgzplW

Join by SIP
1612415408@sip.zoomgov.com

Join by H.323
161.199.138.10 (US West)

- You may also access the Zoom information from the court website at
  https://www.slo.courts.ca.gov
- Click on "Remote Court Appearances via Zoom" and locate the Department you are to appear in.  Click on "Join Zoom Meeting".
- Upon joining the meeting, you will be placed in a "**WAITING ROOM**".  When the court is ready to start the hearing, the court will move you from the waiting room into the meeting.

**During the hearing**:

- Existing rules and procedures regarding making a record by a court reporter or electronic device, or obtaining a transcript after the hearing, apply to remote appearances.  Participants may not record or broadcast the remote appearance except in compliance with California Rule of Court, rule 1.150.  A violation of this Rule may result in the imposition of sanctions as set forth in subsection (f) of Rule 1.150.

- Participants, including attorneys, parties, and other participants must:
  Participate in the remote appearance with the same degree of courtesy, decorum, use of appropriate language, and courtroom etiquette as required for a personal courtroom appearance;

  Dress in the same manner as they would for a personal appearance in court, without sunglasses, hats, and/or face coverings;

  Ensure that they have enough battery power for the entire remote appearance, including having a charger readily available, and having access to enough cellular data and/or Wi-Fi for the duration of the remote appearance;

  Eliminate all ambient and/or distracting noise from the participant's location;

  To the extent possible, place electronic mobile devices on a solid surface with the camera at eye level;

Updated 7/22/2021

Ensure consistent lighting, avoiding rooms with bright windows and/or back-lighting, so that the participant can be seen;

Display their legal name on the videoconferencing screen;

Disable virtual background features except for the default virtual backgrounds on Zoom;

Speak directly into the microphone on the electronic device used to connect to the court session.

## Exhibits:

If you want to present evidence to the Court, please follow the instructions below.  **ALL EXHIBITS MUST BE PRESENTED TO THE COURT AND THE ALL THE PARTIES AT LEAST 5 DAYS PRIOR TO THE HEARING.**

- Print your exhibits and put them in one of the two drop boxes outside the San Luis Obispo courthouse.  If the exhibits are too large for the drop box, drop them off inside the courthouse at Jury Services, on the second floor.
- You may e-file your exhibits with the Court, however a hard copy is **required** to be dropped off prior to your hearing.  For more information, go here: http://www.odysseyefileca.com/

**Please get your exhibits to the Court and all parties *BEFORE* the day of your hearing.**

Updated 7/22/2021

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1800 Century Park East, Suite 1500, Los Angeles, CA 90067.

On **January 3, 2022**, I caused the following document(s) described below to be served on the interested party(ies) in this action as follows:

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☑ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐ **BY ELECTRONIC SERVICE:** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

*Counsel for Plaintiff*

Michael F. Cardoza
Lauren B. Veggian
**THE CARDOZA LAW CORPORATION**
548 Market St. #80594
San Francisco, CA 94104
Tel.      (415) 488-8041
Fax.      (415) 651-9700
Email:   *Mike.Cardoza@cardozalawcorp.com;*
*Lauren.Veggian@cardozalawcorp.com*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **January 3, 2022**, at Los Angeles, California.

_____
Liliana R. Hernandez

US.136071967.01

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES